UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NIKOLAI PELEVIN,<br><br>                          Petitioner,<br><br>v.<br><br>SIXTO MARRERO, WARDEN, IMPERIAL REGIONAL DETENTION FACILITY; DANIEL A. BRIGHTMAN, FIELD OFFICE DIRECTOR, SAN DIEGO FIELD OFFICE, UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT; TODD M. LYONS, ACTING DIRECTOR, UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT; MARKWAYNE MULLIN, SECRETARY OF HOMELAND SECURITY; TODD BLANCHE, ACTING ATTORNEY GENERAL, IN THEIR OFFICIAL CAPACITIES,<br><br>                          Respondents. | Case No.:  3:26-cv-02477-LEK-AHG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS AND ORDER TO SHOW CAUSE WITHIN THREE DAYS AND COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF** |

Before this Court is Petitioner Nikolai Pelevin's ("Petitioner") Petition for Writ of Habeas Corpus and Order to Show Cause Within Three Days and Complaint for Injunctive and Declaratory Relief ("Petition"), filed on April 18, 2026. [Dkt. no. 1.]

Respondents Sixto Marrero, Warden, Imperial Regional Detention Facility; Daniel A. Brightman, Field Office Director, San Diego Field Office, United States Immigration and Customs Enforcement; Todd M. Lyons, Acting Director, United States Immigration and Customs Enforcement; Markwayne Mullin, Secretary of Homeland Security; and Todd Blanche, Acting Attorney General, all in their official capacities ("Respondents"), filed their Return to Petition for Writ of Habeas Corpus ("Return"), on April 27, 2026. [Dkt. no. 4.] On May 5, 2026, Petitioner filed a traverse in support of the Petition ("Traverse"). [Dkt. no. 5.]

Petitioner is a citizen and national of Russia. [Petition at ¶ 24.] Petitioner was detained by the United States Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE") division at the Imperial Regional Detention Facility in Calexico, California since December 31, 2024, which is also the date he entered the United States. See id. at ¶¶ 18, 25. On July 30, 2025, an immigration judge issued an order denying Petitioner's request for immigration relief. See id., Exh. 4 (Order of the Immigration Judge, dated 7/30/25). Petitioner appealed the immigration judge's decision. See Petition, Exh. 5 (Filing Receipt for Appeal, dated 8/20/25). On February 11, 2026, the Board of Immigration Appeal ("BIA") dismissed Petitioner's appeal. [Petition at ¶ 27.] Also on February 11, 2026, Petitioner filed an appeal of the BIA's decision before the Ninth Circuit Court of Appeals ("Ninth Circuit" and "2/11 Appeal"). See Petition, Exh. 6 (Ninth Circuit Form 3. Petition for Review of Order of a Federal Agency, Board, Commission, or Officer, filed 2/11/26). As of the date of the filing of the Petition, the 2/11 Appeal remains pending and the Ninth Circuit has not set a date for oral argument. [Petition at ¶ 28.] Petitioner has been in custody for over fifteen months and has not received a bond hearing. See id. at ¶ 29.

Petitioner alleges that his due process rights under the United States Constitution are being violated. See, e.g., id. at ¶ 5. Petitioner asks this Court to, inter alia: 1) assume jurisdiction over this matter; 2) order Respondents to show cause why the

3:26-cv-02477-LEK-AHG

Petition should not be granted; 3) issue a writ of habeas corpus ordering Respondents to either release the Petitioner immediately, or, in the alternative, schedule an individualized bond hearing subject to certain procedural standards; 4) order that Petitioner's belongings be returned to him; 5) issue an injunction prohibiting Respondents from detaining Petitioner without first providing notice to Petitioner's counsel and to this Court and requiring Respondents to establish at a pre-deprivation hearing that changed circumstances warrant detention; 6) issue a declaratory judgment that Petitioner's detention violates the Due Process Clause of the Fifth Amendment; and 7) order any other appropriate relief. See id. at pgs. 18-19.

Respondents contend that "Petitioner is subject to mandatory under 8 U.S.C. § 1225(b)," but Respondents "acknowledge[] that that courts in this District have repeatedly inferred a constitutional right against prolonged mandatory detention." [Return at 1 (citation omitted).] In light of those rulings and the amount of time that Petitioner has been detained, Respondents "concede[] that this Court should order that Petitioner receive a bond hearing, where the government would bear the burden of proof of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight." [Id. at 1-2 (citations omitted).]

Petitioner, however, argues that "a bond hearing is not an adequate remedy in this case," [Traverse at 2,] because the "bonding hearing . . . is likely to be biased, perfunctory, and outcome-determinative in favor of detention," [id. at 4]. Petitioner therefore urges this Court to order his immediate release. [Id.]

This Court concludes that Petitioner's detention for almost seventeen months without a bond hearing is unreasonable under the circumstances of this case and violates due process. See, e.g., Gao v. LaRose, 805 F. Supp. 3d 1106, 1110-12 (S.D. Cal. 2025) (discussing factors used to analyze a claim that prolonged detention violates due process). However, this Court declines to assume that Respondents and any immigration judge who presides over Petitioner's bond hearing will violate this order and the writ. Petitioner

3:26-cv-02477-LEK-AHG

cites examples of events that he contends indicate that a bond hearing at this point would be an inadequate remedy. See Traverse at 3 (citing Perez Velasquez v. Bondi, No. 26-cv-01759-GPC-DDL, 2026 WL 1042479 (S.D. Cal. April 16, 2026) (ordering immediate release after finding Petitioner's post-habeas bond hearing legally and constitutionally deficient)); id. at 3 & n.1 (referring to "policy directives establishing that adjudications favor the government over noncitizens, and explicit instructions to defy district court rulings" (citing Petition, Exh. 7 (4/9/26 New York Times article titled "How Trump Purged Immigration Judges to Speed Up Deportations"))). The relief that Petitioner seeks would require a finding that it is impossible for Petitioner to receive an impartial and individualized bond hearing. The record in this case at this time does not support such a finding, but the examples and statistics that Petitioner cites are concerning. Petitioner's request for immediate release is therefore denied without prejudice.

Petitioner's request for an individualized bond hearing is granted. To address Petitioner's concerns, this Court makes the following orders regarding the bond hearing:

-the hearing must be before a fair, neutral, and open-minded immigration judge;

-the immigration judge shall determine whether Petitioner is a danger to the community or a flight risk and what bond conditions, if any, would be appropriate to ensure Petitioner's appearance;

-the government shall bear the burden of establishing by clear and convincing evidence that Petitioner poses a danger or flight risk; see Sandesh v. LaRose, Case No.: 26-cv-0846-JES-DDL, 2026 WL 622690, at *5 (S.D. Cal. Mar. 5, 2026) ("[I]t [is] appropriate to continue to apply the standard set forth in Singh [v. Holder, 638 F.3d 1196 (9th Cir. 2011),[1]] in the case of bond hearings for those subjected to

---

[1] Singh was abrogated on other grounds by Jennings v. Rodriguez, 583 U.S. 281 (2018). See, e.g., Gao, 805 F. Supp. 3d at 1112.

3:26-cv-02477-LEK-AHG

prolonged detention under § 1225(b) to protect the critical liberty interest and due process rights of such individuals." (citations omitted));

-if the immigration judge denies bond, the immigration judge must make specific findings as to why Petitioner is a flight risk or a danger to the community; and

-if Petitioner believes that the government or the immigration judge violated this order and the writ, Petitioner can apply to this Court for appropriate sanctions.

## CONCLUSION

For the foregoing reasons, the Petition for Writ of Habeas Corpus and Order to Show Cause Within Three Days and Complaint for Injunctive and Declaratory Relief, filed April 18, 2026, is GRANTED IN PART AND DENIED IN PART. The Petition is GRANTED insofar as Respondents are ORDERED to provide Petitioner with an individualized bond hearing consistent with the terms of this order within fourteen days of the filing of this order. The Petition is DENIED WITHOUT PREJUDICE as to Petitioner's request for immediate release from custody, Petitioner's request for the return of his property, and Petitioner's request for injunctive relief regarding future detention.

The parties are DIRECTED to file a joint status report informing this Court of the outcome of the bond hearing within **twenty-one days** of the filing of this order.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, May 12, 2026.



/s/ Leslie E. Kobayashi

Leslie E. Kobayashi
Senior U.S. District Judge

3:26-cv-02477-LEK-AHG